**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re | : | Case No. 19-50766 |
| | : | |
| **Exceptional Innovation, Inc.** | : | Chapter 7 |
| | : | |
| Debtor. | : | **Judge John E. Hoffman Jr.** |

**MOTION OF DEBTOR EXCEPTIONAL INNOVATION, INC. FOR EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, REMAINING SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, AND RELATED STATEMENTS**

Now comes debtor Exceptional Innovation, Inc., ("Debtor"), and hereby moves the Court pursuant to Bankruptcy Rule 1007(c) for an Order extending, through March 12, 2019[1], the time by which the Debtor must file its Schedules of Assets and Liabilities, Statement of Financial Affairs, and remaining schedules and statements (collectively, the "Schedules and Statements")[2], as required by Bankruptcy Rule 1007. Support for the relief requested herein may be found in the following Memorandum in Support incorporated herein.

Respectfully submitted,

/s/J. Matthew Fisher
J. Matthew Fisher              (0067192)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH  43215
(614) 221-8500; Facsimile: (614) 221-5988
E-mail:        fisher@asnfa.com
*Counsel for Debtor Exceptional Innovation, Inc.*

---

[1] The Statement of Financial Affairs and Schedules of Assets and Liabilities and related schedules and statements are currently due February 26, 2019, and therefore Debtor seeks an extension of fourteen (14) days, through and until March 12, 2019.

[2] Including, but not limited to, the Summary of Assets and Liabilities, Schedules A-H, Statement of Financial Affairs, Attorney Disclosure Statement, Declaration Under Penalty of Perjury for Non-Individual Debtors, Corporate Ownership Statement, Form 1015-2 Statement of Related Cases, and Designation of Responsible Person.

## **MEMORANDUM IN SUPPORT**

1. The Debtor commenced this case by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on April 28, 2017 (the "Petition Date"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The matters raised herein constitute core proceedings pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor is an Ohio for-profit company that was formed on or about March 24, 2019.

3. Gate Worldwide Holdings LLC ("GWH"), purchased a certain promissory note (the "Note") on September 5, 2017. The Note contains, among other provisions to protect the noteholder, a provision that would allow the noteholder to assume a 60% voting control interest in certain companies owned or controlled by the issuer, including the Debtor. This is referred to as the "Dutch Pledge."

4. At the time of the acquisition of the Note, the issuer was already in default, entitling GWH to exercise its rights under the Dutch Pledge. In January 2019, GWH designated its general counsel, John J. Brannelly, to exercise the voting control over the Debtor as granted by the Dutch Pledge.

5. Thereafter, GWH spent several thousand dollars in temporary stabilization of the Debtor, paid a skeleton staff to keep the lights on, and hired forensic accountants to determine the financial health and history of the Debtor.

6. After a couple of weeks of intensive investigation, it was determined that the Debtor was in a deep of a state of financial distress.

7. The Debtor's operations ceased prior to the Petition Date. Since the Petition Date, the Debtor has forwarded voluminous information and documentation to the chapter 7 trustee (the

"Trustee") pertaining to the assets and liabilities of the Debtor, including but not limited to accounts receivable reports, bank account information, inventories, memoranda of title to vehicles, payroll reports, and 401k information.

8. The Debtors financial affairs are complex. As indicated, prior to the Petition Date, the prior Board of Directors and management of the Debtor were replaced pursuant to the authority set forth in the Dutch Pledge. Accordingly, the "new management" of the Debtor spent a considerable amount of effort, energy, and resources gaining a full understanding of the Debtor's business, with the hopes of continuing the operations of the Debtor's business. Ultimately, the new Board of Directors determined that the best course of action was to cease operations and initiate the instant chapter 7 case.

9. Since the Petition Date, the Debtor has been diligently preparing its Schedules and Statements. Despite their best and ongoing efforts to gather all the information needed to complete the Schedules and Statements (including both counsel and a major retained accounting firm), because the Board of Directors and management of the Debtor did not have the long-standing history of maintaining the Debtor's corporate books and records, this process has proven to be a greater challenge than initially thought. As a result, the Debtor does not believe that it will be able to complete all of the remaining Schedules and Statements by February 26, 2019. Consequently, the Schedules and Statements as required by Bankruptcy Rule 1007(b)(1) will likely not be in final form by the original February 26, 2019 deadline. Accordingly, a brief extension of time through March 12, 2019 is sought.

10. The Debtor's meeting of creditors pursuant to 11 U.S.C. § 341 (the "341 Meeting of Creditors") is scheduled for March 21, 2019, and the Debtor believes that the requested extension through March 12, 2019 will still permit the Trustee and parties in interest adequate time to review the Debtor's Schedules and Statements prior to the 341 Meeting of Creditors. Debtor

submits that the brief extension requested herein will not be prejudicial to any party. A proposed Order is attached hereto as Exhibit A.

**WHEREFORE**, Debtor respectfully requests that it be granted an extension of time through March 12, 2019, within which time to file the requisite Schedules and Statements.

    Respectfully submitted,

/s/ J. Matthew Fisher
J. Matthew Fisher    (0067192)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH  43215
(614) 221-8500; Facsimile: (614) 221-5988
E-mail:    fisher@asnfa.com
*Counsel for Debtor Exceptional Innovation, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify a copy of the foregoing *Motion Of Debtor Exceptional Innovation, Inc. For Extension Of Time To File Schedules Of Assets And Liabilities, Remaining Schedules, Statement Of Financial Affairs, And Related Statements* was served (i) electronically on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by ordinary U.S. Mail on February 26, 2019 addressed to those parties listed below:

    None.

    /s/ J. Matthew Fisher
    J. Matthew Fisher    (0067192)

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re** | : | **Case No. 19-50766** |
| | : | |
| **Exceptional Innovation, Inc.** | : | **Chapter 7** |
| | : | |
| **Debtor.** | : | **Judge John E. Hoffman Jr.** |

**MOTION OF DEBTOR EXCEPTIONAL INNOVATION, INC. FOR EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, REMAINING SCHEDULES, STATEMENT OF FINANCIAL AFFAIRS, AND RELATED STATEMENTS
[RELATED DOC. NO. ___]**

This matter is before the Court upon the motion ("Motion") of debtor Exceptional Innovation, Inc., (the "Debtor"), pursuant to Bankruptcy Rule 1007(c) for an Order extending through March 12, 2019, the time by which Debtor must file its Schedules and Statements[1], as required by Bankruptcy Rule 1007; whereupon after notice, the Court finds that the relief requested in such Motion is well taken and should be granted.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the Motion.

NOW, THEREFORE, IT IS ORDERED that the time within which Debtor shall file its Schedules and Statements as required by Bankruptcy Rule 1007(b)(1), is hereby extended through March 12, 2019.

IT IS SO ORDERED.


SUBMITTED BY:

/s/J. Matthew Fisher
J. Matthew Fisher            (0067192)
Allen Stovall Neuman Fisher & Ashton LLP
17 South High Street, Suite 1220
Columbus, OH  43215
(614) 221-8500; Facsimile: (614) 221-5988
E-mail:        fisher@asnfa.com
*Counsel for Debtor Exceptional Innovation, Inc.*

Copies to:     Default List


###